[No. 1029.]

## CEDAR HILL CONSOLIDATED G. & S. M. & M. CO., APPELLANT, *v.* JACOB LITTLE G. & S. M. CO., RESPONDENT.

JUDGMENT OF DISMISSAL, WHEN NO SUMMONS HAS BEEN SERVED, SHOULD BE WITHOUT PREJUDICE.—When a case is not at issue, the merits can not be considered.

APPEAL from the District Court of the First Judicial District, Storey County.

This action was commenced to determine the right of possession as between plaintiff and defendant to certain mining ground, claimed by plaintiff to be in conflict with a mining claim for which respondent had applied to the United States for a patent under c. 6, title XXXII, Revised Statutes of the United States. Appellant protested against respondent's application for a patent, and a stay being granted by the proper officers, this action was commenced within the time allowed by law for the purposes above named.

The complaint was filed September 29, 1877, and no steps having been taken by appellant to prosecute its action further, the district court dismissed the case for want of prosecution on the thirty-first day of January, 1880, and entered the following judgment:

The defendant in the above-entitled action having given due notice of its motion to dismiss the above-entitled cause for want of a prosecution of the same with reasonable diligence by plaintiff, at this, the January term, A. D. 1880, of the said court, and said motion coming on to be heard at the said term of the said court, to wit, on the thirty-first day of January, 1880, and said plaintiff and defendant appearing in court, by their respective counsel, and announcing themselves ready for hearing, and said defendant offering and introducing all its evidence and testimony in support of said motion, and said plaintiff offering its testimony in opposition thereto, and the matter being argued to the court by said counsel respectively, and the court having fully considered the same, finds that no summons in said cause was ever served upon said defendant, and said defendant has never appeared in said cause except to make this motion, and that said plaintiff has not prosecuted this cause with any diligence whatever, the court ordered that the said cause be dismissed for want of prosecution thereof on the part of plaintiff, with reasonable diligence.

Wherefore, it is ordered and adjudged that plaintiff take nothing by this action, and said cause be and the same is hereby dismissed, and that defendant have judgment against said plaintiff for its costs, taxed at $——, U. S. gold coin.

*E. B. Stonehill, Kirkpatrick & Stephens, and Lindsay & Dickson,* for Appellant:

It appears from the face of the decree in this case that the dismissal of the cause was for want of prosecution with reasonable diligence; that the merits were in no way considered. Such being the case, the dismissal should have been without prejudice. The omission of this qualification is error. (Freeman on Judgments, sec. 270; *Durant* v. *Essex Co.,* 7 Wall. 107.)

*Lewis & Deal*, for Respondent:

I. The judgment was proper. This court will not review the action of the lower court in dismissing this case. (*Carpentier* v. *Minturn*, 39 Cal. 450; *Grigsby* v. *Napa Co.*, 36 Id. 588.)

II. A judgment of dismissal is a final judgment upon the merits, when the time is limited within which the action is required to be brought, and that time has expired. (Freeman on Judgments, secs. 12, 16, 30, 36; *Dowling* v. *Polack*, 18 Cal. 625; *Leese* v. *Sherwood*, 21 Id. 151.)

By the Court, HAWLEY, J. :

As no summons had ever been served upon the defendant, and the defendant only appeared for the purpose of moving a dismissal, we think the court should have dismissed the case without prejudice, instead of entering judgment on the merits. The case was not at issue, and the merits could not be considered.

The district court is directed to modify its judgment to a dismissal of the case without prejudice.